JACK MAGELOFF, Plaintiff, *v.* HARRIS SARKIN et al., Defendants.

Supreme Court, Special Term, Onondaga County, November 28, 1966.

738

*Bond, Schoeneck & King* for defendants. *Pinsky, Canter & Pinsky* for plaintiff.

RICHARD J. CARDAMONE, J. This is a motion made by defendants, Harris Sarkin and Sarkin Enterprises, Inc., to cancel a notice of pendency filed by the plaintiff, Jack Mageloff, in the Onondaga County Clerk's office on October 6, 1966.

The plaintiff in his original complaint served September 23, 1966 alleged an oral agreement with the defendant, Harris Sarkin, to issue 50% of the capital stock of defendant Sarkin Enterprises, Inc. The defendant corporation is engaged in the construction of a 96-apartment unit on Bear Road in North Syracuse, New York. The relief demanded in the original complaint concededly did not entitle the plaintiff to file the *lis pendens.* Plaintiff, however, in a supplemental complaint served on October 6, 1966, alleged that Harris Sarkin caused the defendant corporation to agree to transfer and sell the real property, consisting of all of the assets of the corporation, without the plaintiff's knowledge or consent. On that same day, the notice of pendency was filed in the Clerk's office. In his prayer for relief, in the supplemental complaint, plaintiff asks for an injunction as well as for money damages.

Defendant alleges in its moving papers that only $171,000 out of a financing commitment of $825,000 has been advanced and that the filing of the notice has created a cloud on the title resulting in a withholding of mortgage advances and construction itself.

CPLR 6501 provides in part: " A notice of pendency may be filed in any action in a court of the state * * * in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property."

The notice of pendency in question was filed following service of the supplemental complaint. An analysis of its allegations,

deemed to be true (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6514.05), reveals that the defendant, Harris Sarkin, caused the defendant corporation to enter into a contract to transfer the real property (consisting substantially of all of the corporation assets) to a third party without the plaintiff's knowledge or consent and the complaint demands that the defendants be restrained from so transferring the corporate real property.

Such does not state a cause of action within the meaning of CPLR 6501. While the court is cognizant of the plaintiff's contention that he is seeking to prevent legal title (deed) from following the equitable title (the agreement to sell) out of the corporation into a third party's hands, even assuming that this will take place there still remains no allegation in the complaint either as to fraud on the part of the individual defendant or that any judgment which may be obtained in money damages, or any order directing transfer to him of his claimed stock certificates in the defendant corporation would be unenforcible. As was stated in *Braunston* v. *Anchorage Woods* (10 N Y 2d 302, 305) : '' The usual object of filing a notice of *lis pendens* is to protect some right, title or interest claimed by a plaintiff in the lands of a defendant which might be lost under the recording acts in event of a transfer of the subject property by the defendant to a purchaser for value and without notice of the claim. This is not that kind of situation.''

*Rosen* v. *Bannett* (N. Y. L. J., Feb. 4, 1964, p. 18, col. 6) is urged upon this court as a controlling authority. The court in that case based its refusal to cancel the *lis pendens* on the sixth cause of action stated in the complaint on the grounds that the plaintiff had sought to impress a trust and a equitable lien. The sixth cause of action further sought to compel a reconveyance to the corporation of certain real property on the basis of an alleged fraudulent transfer. None of the facts there are similar to the allegations contained in the plaintiff's complaint here. Confusion surrounded the language contained in the seventh cause of action and, in any event, the court in the *Rosen* case cancelled the notice as to that cause.

Further, the plaintiff has other adequate remedies he may pursue by way of attachment or injunction, if he be so advised. Plaintiff urges upon the court the application of subdivision (a) of section 909 of the Business Corporation Law which provides the only authorized procedure for the sale of substantially all the assets of a corporation if it is not made in the usual or regular course of business. Chapter 533 of the Laws of 1966 amends section 909 of the Business Corporation Law by providing in subdivision (c) thereof, that an action to set aside a deed

executed by a corporation affecting real property may not be maintained unless a notice of pendency of action is filed within one year after such conveyance. From the allegations of the complaint, it is conceded that no deed has yet been executed and plaintiff would have one year from the date thereof to file a notice of pendency. The defendant corporation may also be a real estate corporation (such fact is not before the court in the moving papers) so that the sale of its sole asset is construed to be not outside the usual course of its business. Unless the sale by such a corporation is pursuant to a pre-existing plan of dissolution (not alleged here) it does not require stockholders' consent. (*Matter of Roehner* v. *Gracie Manor,* 6 N Y 2d 280.) Even so, the corporate officers and directors are answerable for any damages resulting to the corporation by sale without proper approval, if such is deemed to be the case. (*Gottfried* v. *Gottfried Baking Co.,* 1 A D 2d 994, mot. for lv. to app. den. 2 A D 2d 664.)

Clearly, a *lis pendens* is not suitable as a method for obtaining an indirect injunction which, in effect, is what the plaintiff is seeking here. The provisional remedy of a notice of pendency may be used as a shield only and not as a sword. (*Israelson* v. *Bradley,* 308 N. Y. 511, 516.)

Suffice it to say that no matter in what light the allegations of the complaint are viewed, they cannot be construed to assert an action '' in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property '' (CPLR 6501); *U. K. Realty Corp.* v. *Krosner,* 156 N. Y. S. 2d 528; *Gross* v. *Price,* 283 App. Div. 1107; *Rubinfeld* v. *Mappa,* 42 Misc 2d 464, affd. 24 A D 2d 489). The defendant's motion is granted.