■ BAHIA M. B. CHAMBI, Respondent, v NAVARRO, VIVES & CIA, LTD., et al., Appellants, et al., Defendants. — Order of the Supreme Court, New York County (Goldman, J.) entered on April 29, 1982, which denied defendants' motion to cancel a notice of pendency filed by plaintiff, reversed, on the law and the facts, without costs, and the motion granted. According to the complaint, plaintiff, formerly president and sole shareholder of Second 40th St. Corp., which corporation is not a party to this action, and the sole asset of which corporation is a building in Manhattan, pledged her stock in that corporation to certain of the defendants as security for a loan of approximately $607,400. Defendants allege that the proceeds of that loan were used to purchase the shares pledged. When plaintiff defaulted on repayment of the loan, a foreclosure sale was held at which defendant Navarro purchased plaintiff's stock. Plaintiff thereupon commenced this action charging, *inter alia,* that defendants committed fraud in connection with that foreclosure sale. After plaintiff filed a notice of pendency (CPLR 6501) with respect to the building owned by the corporation, defendants moved to cancel the notice of pendency (CPLR 6514) on the ground that the judgment demanded would only affect the ownership of stock rather than of real property. In denying the motion to cancel, Special Term relied on the fact that plaintiff was the sole shareholder of the corporation, and that the building was the corporation's only asset, stating in its memorandum decision that the shares of stock "equate with the real property itself." In effect, Special Term disregarded the corporate entity. The filing of a notice of pendency is an extraordinary privilege, and the statute conferring it should be strictly construed. (See *Israelson v Bradley,* 308 NY 511, 516.) CPLR 6501 directs that a notice of pendency may be filed only in an action where the judgment demanded would "affect the title to, or the possession, use or enjoyment of, real property." Defendants are correct in their contention that any judgment obtained in the present action could only affect the title to shares of stock in the corporation that owns the real property. Alternative provisional remedies to be sought in an action of this type could be an attachment or a temporary restraining order or a preliminary injunction. (Cf. *First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630.) A notice of pendency is used as a shield and not as a sword. (See *Mageloff v Sarkin,* 52 Misc 2d 737, 740 [Cardamone, J.].) Concur — Kupferman, J. P., Asch, Silverman and Kassal, JJ.

Milonas, J., dissents in a memorandum as follows: In my opinion, the order of Special Term should be affirmed. Plaintiff is the owner of 100% of the capital shares of Second 40th Street Corporation, a New York corporation whose sole asset is real property located at 244-250 East 40th Street in Manhattan. As security for loans totaling $607,400, plaintiff pledged the stock to certain of the defendants. According to defendants, the proceeds of the loan were used to purchase the shares from the prior stockholders. Plaintiff subsequently defaulted, and the shares were sold at a foreclosure sale to defendant Raymond Navarro. Thereafter, plaintiff commenced the instant action, alleging, in part, that the loans are usurious, that the foreclosure sale was fraudulent, and that she is entitled to redemption of the mortgage on the property and of the collateral. In this connection, plaintiff filed a notice of pendency against the real estate in question. (CPLR 6501.) Defendants then moved to cancel the notice, contending that the judgment demanded does not affect title to, or the possession, use or enjoyment of, real property but merely the ownership of stock. Special Term denied the motion on the ground that since the plaintiff is a 100% shareholder of the corporation, "in this instance the shares of stock, for the purpose of sale or other disposition of the real property, equate with the real property itself." I agree with this assessment of the situation. Although the majority believes that the existence of a corporate entity warrants the cancellation of the notice of pendency, such a highly technical construction of CPLR 6501 ignores the reality of what is actually involved here. The subject property is the sole asset of the corporation. The plaintiff owns 100% of the shares of the corporation. Under these circumstances, it is difficult to perceive how 'the majority can conclude that the judgment demanded would not affect the title to, or the possession, use or enjoyment of, real property. In none of the cases cited by the defendants are the facts comparable to those present in the matter before us.