■ 5303 REALTY CORP., Respondent, v O & Y EQUITY CORP. et al., Appellants. — Order entered April 27, 1983 in Supreme Court, New York County (Louis Grossman, J.), denying defendants' motion to vacate a *lis pendens,* affirmed, with costs. This is an action for specific performance of what is essentially a contract for the transfer of real property, and as such we agree with Special Term "that a lis pendens is proper in this situation". In June of 1982 the original negotiations between plaintiff and the first named defendant, O & Y, were had with respect to the subject real estate. A contract was drawn up by O & Y for this sale, but closing was postponed to September. In August of that year O & Y proposed a variant scheme whereby, in essence, plaintiff would purchase the entire stock of 41 Fifth Avenue Realty Corp., 97% owner of 41 Fifth Avenue Associates, and the 3% interest in 41 Fifth Avenue Associates held by several other named defendants. With title to the real estate already having been transferred to Associates, plaintiff's acceptance of this contract had the same net effect of a purchase of the property, but allowed defendant O & Y to avoid over half a million dollars in New York City real property transfer tax, as well as other similar taxes. Assuming the legality of such a tax avoidance scheme does not change the essential nature of what was clearly a contract to convey real property. The written agreement, among other things,

specifically describes the property, provides for payment by plaintiff in part by purchase money note and mortgage and provides that plaintiff shall "take the SHARES with the Property 'as is'." While we express no opinion as to plaintiff's entitlement to specific performance, we do find that plaintiff's complaint seeking it alleges the requisite fraud on the part of defendants entitling plaintiff to a *lis pendens* until a trial can be had on the merits. (*Mageloff v Sarkin,* 52 Misc 2d 737, 739; compare *Lusker v Tannen,* 90 AD2d 118.) Defendant's reliance on our recent decision in *Chambi v Navarro, Vives & Cia* (95 AD2d 667) is misplaced. Although plaintiff there alleged fraud in the conduct of a foreclosure sale, her cause of action was mainly concerned with the alleged usurious interest rates in the loan contract at issue, and her subsequent loss, via the sale, of the corporate stock she had secured the loan with. The corporation which owned the real estate was never made a party to the action, and the case is thus readily distinguishable from the matter at hand. As the Court of Appeals long ago observed, "The usual object of filing a notice of *lis pendens* is to protect some right, title or interest claimed by a plaintiff in the lands of a defendant which might be lost under the recording acts in event of a transfer of the subject property by the defendant to a purchaser for value and without notice of the claim * * * The theory of preventing sales of lots in the tract by defendants by a *lis pendens* is not that defendants are likely to become insolvent but rather that there is an issue affecting the title or right to enjoyment of the defendants' real property." (*Braunston v Anchorage Woods,* 10 NY2d 302, 305; CPLR 6501.) Concur — Murphy, P. J., Ross and Carro, JJ.

Fein and Kassal, JJ., dissent in a memorandum by Kassal, J., as follows: We find ourselves in disagreement with the determination by the majority and with the departure from the legal principles, recently expressed by us only five months ago, in *Chambi v Navarro, Vives & Cia* (95 AD2d 667). In *Chambi,* plaintiff, on allegations of fraud, sought to recover shares of stock of Second 40th Realty Corp., owner of premises located at 244-250 East 40th Street, which shares had been pledged as collateral for a loan made by the defendants. When plaintiff defaulted, Navarro purchased the stock at a foreclosure sale, whereupon plaintiff brought the action, interposing seven causes of action for multiple relief. Contrary to the characterization of that case by the majority here, the action in *Chambi* was not "mainly concerned with the alleged usurious interest rates in the loan contract at issue". Only the first cause of action sought to declare the loans secured by the mortgage and collateral as usurious and void. Our determination in *Chambi* is dispositive of the issues raised in this case. In both actions, plaintiff sought to secure the capital stock of a corporation, the sole asset of which was real property. In our case, plaintiff seeks specific performance of a contract to sell the stock of 41 Fifth Avenue Realty Corp., which owns 97% of 41 Fifth Associates, a partnership which is the fee owner of an office building located at 475 Fifth Avenue. Here, as in *Chambi,* plaintiff filed a notice of pendency with respect to the property (CPLR 6501) and defendants moved to cancel the *lis pendens* (CPLR 6514) upon the ground that any judgment would only affect the ownership of the stock and not "the title to, or the possession, use or enjoyment of, real property." (CPLR 6501.) Consistent with our holding in *Chambi,* inasmuch as the judgment to be obtained here would only affect title to the stock and not, as required by the strict construction of the statute, title to, possession, use or enjoyment of the real property, this extraordinary remedy is unavailable. (See, also, *Whittemore v De Pasquale,* 8 AD2d 793; *Bissell v Taylor,* 229 App Div 369; *Mageloff v Sarkin,* 52 Misc 2d 737.) These authorities lend no support to the position taken by the majority but rather, compel the opposite conclusion, consistent with our holding in *Chambi,* that the notice of pendency must be canceled. Nor

does *Braunston v Anchorage Woods* (10 NY2d 302) support the majority's disposition in this case. There, the Court of Appeals held that a *lis pendens* could not be filed in the action brought for a mandatory injunction to compel the elimination of conduits through which defendants had collected and diverted surface water onto plaintiffs' property. In the course of its opinion (p 305), the court cited the purpose of a notice of pendency "to protect some right, title or interest claimed by a plaintiff in the lands of a defendant which might be lost under the recording acts in event of a transfer of the subject property by the defendant to a purchaser for value and without notice of the claim. This is not that kind of situation." Neither is our case. The action here seeks to recover stock of a corporation which owns the controlling interest of a partnership which, in turn, owns the realty. Any judgment to be subsequently entered would contain a direction as to the stock and would not, under the strict construction of the statute, affect title to, or possession, use or enjoyment of the real property. To hold otherwise, as had been done by the majority, is to overlook the corporate form and inappropriately pierce the corporate veil. Accordingly, the order, Supreme Court, New York County (Louis Grossman, J.), entered April 27, 1983, should be reversed, the motion granted and the *lis pendens* vacated.