■ Shirley Elghanayan, Appellant, v Faramarz Elghanayan et al., Respondents. — Order entered January 10, 1984 in Supreme Court, New York County (Ira Gammerman, J.), granting defendants' motion to dismiss two causes of action and cancel a notice of pendency is unanimously reversed, on the law, the second and tenth causes of action are restored, and the lis pendens is reinstated, with costs. ¶ Plaintiff alleges that certain Manhattan real estate was purchased jointly by her and her husband, but through fraudulent conversion he has transferred the property to a family corporation and is seeking to sell it. Plaintiff filed a notice of pendency and her complaint seeks (among other things) to impose a constructive trust and a determination of her claim to the property. She alleges the requisite fraud on the part of her husband entitling her to a lis pendens until a trial may be had upon the merits. (5303 Realty Corp. v O & Y Equity Corp., 98 AD2d 632, 633.) While apparently there is a London divorce suit in progress, this action is solely concerned with the Manhattan property and defendant's alleged fraudulent conversion of it. Although the court below relied upon Chambi v Navarro, Vives & Cia (95 AD2d 667) in canceling the notice of pendency, it did not have available to it our decision in 5303 Realty Corp. v O & Y Equity Corp. (98 AD2d 632, supra).

Under the circumstances, we find the *lis pendens* appropriate and the second and tenth causes of action to be viable. (*5303 Realty Corp. v O & Y Equity Corp., supra; Weingarten v Minskoff,* 204 App Div 750.) Concur — Sullivan, J. P., Carro, Silverman and Milonas, JJ.