■ ATAOLLAH ELGHANAYAN, Appellant, v AGHADJAN ELGHANAYAN et al., Respondents. — Order, Supreme Court, New York County (Richard Wallach, J.), entered on July 16, 1984, affirmed. Respondents shall recover of appellant $50 costs and disbursements of this appeal. Concur — Ross, J. P., Fein and Alexander, JJ.

Carro and Milonas, JJ., dissent in a memorandum by Milonas, J., as follows: In my opinion, the order being appealed herein should be modified to the extent of denying the motion to cancel the notice of pendency.

Plaintiff's wholly owned corporation, 57-Eddy Corporation, and another entity doing business as A&N Elghanayan Associates began operation in the late 1960's as a partnership known as 153 East 57th Street Associates. This partnership owned and operated certain property located at 153 East 57th Street in Manhattan. Pursuant to the agreement between the parties, 57-Eddy Corporation was to share in the profits and losses of 153 East 57th Street Associates to the extent of 9.1% and A&N Elghanayan Associates possessed a 90.9% interest. In 1971 defendant Aghadjan Elghanayan replaced A&N Elghanayan Associates as a partner in 153 East 57th Street Associates.

It is plaintiff's position that defendants, individually and as copartners, formerly of the 153 East 57th Street Associates and now of Eastwood Towers Company, subsequently conspired to defraud plaintiff of his property and interest in 153 East 57th Street Associates. This was allegedly accomplished when Aghadjan Elghanayan and his wife, defendant Moluk Elghanayan, caused the liquidation, without plaintiff's consent, of 57-Eddy Corporation through the creation of a fraudulent memorandum of sale under which Moluk Elghanayan purported to purchase the assets of 57-Eddy Corporation for a stated consideration never actually paid. Thereafter, defendants supposedly removed 57-Eddy Corporation from partnership in 153 East 57th Street Associates and replaced it with Moluk Elghanayan. The 57th Street property was then refinanced with a mortgage of approximately one million dollars, the proceeds of which were used to purchase another property at 355 East 72nd Street under the name of Eastwood Towers Company, the new partnership which defendants had formed. Defendants and Eastwood

Towers profited from the 72nd Street property, plaintiff claims, and in 1983 the 57th Street property was sold for five million dollars over the value of the mortgage.

Following commencement of the instant action and based specifically upon the third cause of action, which seeks imposition of a constructive trust upon the ownership, income and profits of the 72nd Street property, as well as an accounting, plaintiff filed a notice of pendency against the property. In moving to cancel the notice of pendency, defendants asserted that plaintiff's demand was largely for money damages only and that, therefore, there was no authority for a *lis pendens*. In addition, they advanced the argument that the statutory scheme which permits the filing of such notices violates both the New York State and Federal Constitutions.

Special Term, in granting defendants' motion to cancel the notice of pendency, determined that plaintiff's claim against the 72nd Street property was for an interest in partnership property since "the 72nd Street Property would be 'partnership property' of 57th Street Associates" as to which plaintiff was a co-owner. Citing *General Prop. Corp. v Diamond* (29 AD2d 173), the court concluded that an interest of this nature cannot support the filing of a *lis pendens*. However, the court did allow plaintiff to amend his third cause of action "so as to clarify that the constructive trust sought to be imposed therein is upon the 'ownership', and not just the 'profits', of the 72nd Street Property". On appeal, plaintiff contends that it is not his intention to establish a partnership interest in Eastwood Towers; rather, he is endeavoring to impose a constructive trust upon the 72nd Street property which would unquestionably affect the title, use or possession of that property.

This court, in a recent case involving real estate transactions closely analogous to those in the present situation, reversed the Supreme Court's cancellation of a notice of pendency. (*Elghana-yan v Elghanayan,* 102 AD2d 803.) Plaintiff therein, who had filed a notice of pendency against certain property in New York County, sought, among other relief, to impose a constructive trust and to ascertain her interest in the property. According to the court, her allegation of fraudulent conversion was sufficient to uphold the *lis pendens*. The decision in *Elghanayan v Elgha-nayan (supra),* expressly relied upon the court's earlier ruling in *5303 Realty Corp. v O & Y Equity Corp.* (98 AD2d 632), which also found that a *lis pendens* could properly be placed on property where the subject corporation's sole asset was real property and the complaint asserted fraud with respect to a contract for the transfer of real property. Moreover, the case upon which

Special Term based its determination, *General Prop. Corp. v Diamond* (*supra*), is not contrary authority. That matter concerned the claim of a joint venturer in a venture having to do with realty and the court merely held that the interest of the joint venturer in the venture did not constitute an interest in the property itself.

Plaintiff herein contends that defendants defrauded him of his interest in the 57th Street property and that he is entitled to trace the proceeds of defendants' wrongdoing into the 72nd Street property. He is not asking to be declared a partner in Eastwood Towers; he is simply seeking that a constructive trust be placed against property owned by a partnership, Eastwood Towers, of which he was never a partner, but which property was purchased with the profits of the purportedly fraudulent conversion perpetrated against him by defendants. Further, since Special Term granted permission to plaintiff to amend his complaint in order to make it clear that the constructive trust sought to be imposed is upon the ownership of the 72nd Street property, there can be no question that plaintiff does not lay claim to just the income and profits of the property. He is basically asserting an ownership interest in the 72nd Street property itself. Thus, the allegations contained in plaintiff's complaint are adequate to demonstrate "an issue affecting the title or right to enjoyment of the defendants' real property" (*Braunston v Anchorage Woods,* 10 NY2d 302, 305) such as would support a notice of pendency under CPLR 6501. There is, similarly, no merit to defendants' argument that the statute authorizing a *lis pendens* violates the New York State and Federal Constitutions.