SIGURD A. SORENSON, Appellant, v BRIDGE CAPITAL CORP. et al., Respondents. [817 NYS2d 229]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered November 3, 2005, which, to the extent appealed from as limited by the brief, granted defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the claim for fraud in the inducement and cancelled the notice of pendency, unanimously modified, on the law, the notice of pendency reinstated, and otherwise affirmed, without costs. Appeal from order, same

court, Justice and entry date, which denied a stay of cancellation of the notice of pendency, unanimously dismissed, without costs, as academic.

The merger and other clauses in the contract, whereby plaintiff, as purchaser, acknowledged no reliance on any extracontractual representations by defendant sellers with regard to plaintiff's purchase of the condominium units, bar consideration of the extrinsic evidence asserted in the complaint (*Fabozzi v Coppa*, 5 AD3d 722, 723-724 [2004]; *McGowan v Winant Place Assoc.*, 270 AD2d 466 [2000]). Hence, the claim for fraud in the inducement was properly dismissed.

In view of the remedial goal of CPLR article 65 (*see 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313 [1984]) and the viability of the claims for constructive trust (*Klein v Gutman*, 12 AD3d 348 [2004]; *Elghanayan v Elghanayan*, 102 AD2d 803 [1984]) and fraud in the execution, the notice of pendency was improperly cancelled. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.