WEISSBERGER et al. v. WALLACH.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. VENDOR AND PURCHASER—TITLE OF VENDOR—EFFECT OF LIS PENDENS.

A notice of lis pendens reciting that an action had been commenced to foreclose a mortgage on certain land did not render the owner's title unmarketable, where the contract provided that the property was to be taken subject to the mortgage sought to be foreclosed, and where consent to the discontinuance of the foreclosure suit had been delivered to the vendor and an order of discontinuance entered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 242, 246.]

2. SPECIFIC PERFORMANCE—DEFENSES—RIGHT TO ASSERT.

In an action for specific performance of a contract for the sale of realty, the title to which plaintiff refused to accept when tendered by defendant, on the ground of the insufficiency of the title, the acts of defendant in giving a bond to pay any judgment which might be recovered against him, and subsequently in conveying the property to others, did not prevent him from asserting the sufficiency of his title and plaintiff's refusal to accept as a defense to a recovery by plaintiff of the amount paid by him on the execution of the contract.

Appeal from Special Term.

Action by Herman Weissberger and another against Karl M. Wallach. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Stanislaus N. Tuckman, for appellant.
Charles Schwick, for respondents.

INGRAHAM, J. The action was for the specific performance of a contract for the sale of real estate, the conveyance to be delivered on the 3d of November, 1905, at 1 o'clock p. m. Upon that day the defendants tendered to the plaintiff a deed of the property, which the plaintiff refused to accept, upon the ground that the defendant's title was not marketable. The only objection to the title which the court sustained was that there was on file a notice of the pendency of an action in the Supreme Court in which Jacob Scholle and others were the plaintiffs and John J. McAdam and others were defendants, which related to the property which defendant had agreed to convey, filed on the 10th of January, 1896. This notice of pendency of an action was introduced in evidence, and recited that an action had been commenced to foreclose a mortgage, dated the 4th of May, 1886, which was a lien upon the property in question. Under the contract sought to be enforced, the property was to be taken subject to this mortgage, which was described in the notice of pendency of action. No complaint in the action in which the notice was filed was introduced. There were, however, introduced by defendant the agreements between the plaintiffs in the foreclosure action in which the notice of pendency of the action had been filed and the defendants, extending the payment of the mortgage mentioned from time to time, so that it became due on May 1, 1906, as provided for in the contract. The defendant stated at the time

of closing the contract that he had a consent to cancel that lis pendens, and asked for a short adjournment to enter the formal order, which was refused; the plaintiffs saying that in that case they would object to the title on other grounds.

I do not think that this lis pendens made the title unmarketable. The evidence is undisputed that a consent to discontinue the action had been delivered to the defendant, but that it had been mislaid, and the plaintiff's attorney in that foreclosure suit at once gave the attorney for the defendant a duplicate consent upon which an order of discontinuance was entered. There was no litigation concerning this mortgage, and no proof that any complaint had ever been filed, and the evidence was undisputed that it related to the mortgage that plaintiff had agreed to assume. The lis pendens, therefore, was not an incumbrance, and the plaintiffs were not entitled to reject the title upon that ground. It is perfectly plain that the title was good. The learned justice at the Special Term relied upon Simon v. Venderveer, 155 N. Y. 377, 49 N. E. 1043, 63 Am. St. Rep. 683; but that case expressly held that a lis pendens by itself does not constitute an incumbrance, but it must be proved by the complaint that a good cause of action existed. See, also, Baecht v. Hevesy (decided in November, 1906), 115 App. Div. 509, 101 N. Y. Supp. 413; Grace v. Bowden, 10 App. Div. 541, 42 N. Y. Supp. 60.

The only question is whether or not the subsequent act of the defendants in giving a bond to pay any judgment recovered in this action, and then subsequently conveying the property prevented them from claiming the advantage of this rule. It is quite clear that on this evidence the lis pendens itself was not an incumbrance, and the plaintiff failed to prove any other objection to the title. The plaintiff never offered to accept title, and based this action upon the allegation that defendant was unable to perform the contract. Having taken this position at the time the contract was to be performed and based this action upon it, I do not think the defendant was bound to hold the property so as to allow the plaintiff to change his mind and accept a conveyance, but was justified in disposing of the property and defending the action to recover the amount paid by plaintiff on the execution of the contract.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.