GARIBALDI REALTY & CONSTRUCTION CO. v. SANTANGELO et al.
(No. 6295.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

1. VENDOR AND PURCHASER (§ 176*)—VENDOR'S TITLE—QUANTITY OF LAND.
    Where the contract to sell land described it as commencing at the northwest corner of 187th street and Hoffman street and running northerly 100 feet more or less, thence westerly parallel or nearly so with the northerly side of 187th street 96.92 feet, thence southerly parallel or nearly so with Hoffman street 100 feet more or less to the northerly side of 187th street, thence easterly 96.92 feet more or less to the place of beginning, and the actual shortage was less than 1 per cent. of the area described, consisting of the least valuable part of the lot, which was unimproved

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and without peculiar value or adaptation for a particular use, and the deficiency on the northerly boundary was .02 feet, and on the westerly boundary 1.94 feet, it was not sufficient to justify the purchaser's demand of any deduction on its account.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 333–340; Dec. Dig. § 176.*]

2. VENDOR AND PURCHASER (§ 170*)—PURCHASE MONEY—TENDER.

In such case, the purchaser's tender of performance, subject to an allowance of $1,000, was insufficient.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 344–348; Dec. Dig. § 170.*]

3. VENDOR AND PURCHASER (§ 141*)—VENDOR'S TITLE—OBJECTIONS.

Objections by a purchaser relating to matters within the vendor's power to correct, in the absence of sufficient tender and offer to perform on the purchaser's part, were not valid objections to the title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 265; Dec. Dig. § 141.*]

4. VENDOR AND PURCHASER (§ 148*)—TENDER OF PERFORMANCE BY VENDOR— EXCUSE FOR FAILURE.

Where the purchaser's unjustifiable demand of an exaggerated allowance for a trivial deficiency in area of a lot was the real reason for his rejection of the title, and without compliance therewith by the vendor the vendor's formal tender would have been fruitless, it was not necessary.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 290–295; Dec. Dig. § 148.*]

Appeal from Special Term, New York County.

Action by the Garibaldi Realty & Construction Company against Guisepina Santangelo and Beatrice Tuoti. From a judgment entered on decision after trial, defendants appeal. Modified and affirmed.

See, also, 148 N. Y. Supp. 1116.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Joseph Sapinsky, of New York City, for appellants.

Max Silverstein, of New York City, for respondent.

HOTCHKISS, J. The action is for specific performance of a contract to convey by full covenant and warranty deed, and for a total consideration of $14,250, two lots of vacant land located in the borough of the Bronx, with an allowance for shortage of area. On the trial defendants joined in praying for specific performance. The contract provided that $8,000 of the purchase price was to be paid by taking the property subject to a mortgage for that amount, recited to be "open and due," and the balance in cash on the closing of title. In the contract the premises were described as commencing at the intersection of the northwest corner of 187th street and Hoffman street and running northerly 100 feet more or less, thence westerly parallel or nearly so with the northerly side of 187th street 96.92 feet, thence southerly parallel or nearly so with Hoffman street 100 feet more or less to the northerly side of 187th street, thence easterly 96.92 feet more or less to the place of beginning. The court found that the parcel actually

varied from this description in the following particular: The northerly line runs at right angles with Hoffman 96.90 feet, not 96.92 feet, and not parallel with 187th street; also that the westerly line runs 98.06 feet to the northerly side of 187th street, instead of 100 feet. On September 24, 1912, the day named in the contract for closing title, there appeared of record a lis pendens in an action to foreclose the mortgage referred to in the contract, which lis pendens was not canceled until October 14, 1912. There were also of record taxes for 1909, 1910, 1911, and 1912, aggregating about $675, and assessments aggregating about $700, all which remained unpaid at the time of trial, and on May 15, 1911, the property had been sold at a tax sale to Elway & Co. for $1,325.61 for the taxes from 1906 to 1908 and an assessment not included in those first above mentioned, which tax sale remained of record in the name of Elway & Co.

By consent of the parties, the time for passing title was adjourned to October 2d, on which day an assignment of the tax sale from Elway & Co. to Michael Santangelo was tendered to plaintiff. Michael, the husband of the defendant Guisepina, was present on this occasion, and an assignment of the tax sale from him to plaintiff was also tendered, or an offer was made in his behalf to execute and deliver such an assignment. The plaintiff refused to approve of either of said assignments, because the assignment to Michael from Elway & Co. recited that the latter "hereby assigns and transfers transfer of the transfer of the tax sale," to which words plaintiff took exception on the ground that they purported to assign a "transfer" of the tax sale, and not the sale itself. On October 2d it also appeared that on July 31, 1908, there had been filed a lis pendens in an action brought to foreclose the mortgage subject to which plaintiff was to take title, but no further proceedings in said action appeared of record, and in fact the costs of the action had been paid and a consent for discontinuance had in 1908 or 1909 been delivered by the attorney for the plaintiff therein. These facts were made known to the attorney representing plaintiff on the closing. Both on the day originally fixed for closing and on the adjourned day plaintiff tendered performance, but objected to the title on account of the outstanding tax sale, the unsatisfied taxes and assessments, the uncanceled lis pendens, and, as well, because of the deficiency in the area of the premises as described in the contract and as they appeared to be by actual survey, on account of which plaintiff demanded a substantial diminution of the purchase price. In the ensuing discussion between the attorneys for the respective parties, the evidence justifies a finding that defendants' attorney conceded that the unpaid taxes and assessments could be deducted from the cash portions of the purchase money; also that defendants' attorneys offered promptly to correct the objections based upon the tax sale and the lis pendens, and also offered to pay $250 in satisfaction of any deficiency in area, which offers were declined—the principal objection urged by the plaintiff's attorney being that based on his demand for an allowance on account of deficient area much in excess of any sum the defendant was willing to grant.

This was the situation when on October 2d the parties separated, no adjournment or further meeting being agreed on, although on October

7th another meeting was held and the matters in difference, particularly the subject of an allowance, were further discussed. A few days thereafter defendants' attorney ineffectually sought to obtain from plaintiff's attorney the latter's consent to fix a further day for closing, informing him that plaintiff was ready so far as the title was concerned. On November 27th plaintiff commenced this action for specific performance, subject to an allowance for $1,000 because of deficiency in area. On the trial it appeared that the lis pendens had been duly canceled on November 14, 1912, and on November 15, 1912, the assignment of tax lien from Elway & Co. to Michael had been duly corrected, and an assignment of this lien from Michael was tendered on the trial.

[1] The court below decreed that defendant should specifically perform, and awarded plaintiff $250 for loss of area. The actual deficiency in area, holding the description in the contract rigidly to the exact number of feet and inches, and making no allowance for the phrases "more or less" and "parallel or nearly so," wherever used, is in form a gore and constitutes slightly less than 1 per cent. of the total superficial area of the premises. The area of deficiency affects chiefly the 187th street frontage, and the least valuable part of the premises. What may be called the normal value of the deficiency is only about $71, but on the trial a witness for plaintiff, over defendants' objection that this was special damage and not pleaded, was allowed to testify that because of this deficiency a tenement built upon the whole plot would of necessity contain one less room to a floor than it would be possible to have did the deficiency not exist, in which latter case the premises would be of a value $1,000 greater than their value in fact. It is doubtful whether this testimony was competent, but it is not necessary to determine this question. In fact, each of the distances recited in the contract was limited by "more or less," except the westerly course constituting the northern boundary of the plot, the deficiency in which is only .02 of a foot. The deficiency on the westerly side, described as 100 feet, is but 1.94 feet. If we have regard for the "more or less" and the "parallel or nearly so" limitations, it will be seen that the actual deficiency is almost infinitesimal.

[2] The property is unimproved and is of no peculiar value, nor is it solely adapted to any particular use. I find no binding authority for regarding such a deficiency under such circumstances as sufficient to justify consideration in a court of equity, and the plaintiff was not justified in demanding any allowance on its account. For this reason, its tender of performance, subject to an allowance, and that four times in excess of the sum awarded at the trial, was insufficient.

[3] The remaining objections urged by plaintiff were all such as were within defendants' power to correct, and, in the absence of sufficient tender and offer to perform on plaintiff's part, were not valid objections to the title. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287; Weissberger v. Wallach, 124 App. Div. 382, 108 N. Y. Supp. 887.

[4] The plaintiff's conduct, including that subsequent to October 7, 1912, when it refused further conferences for the purpose of passing title, notwithstanding defendants' notice that they were ready, confirms the belief that plaintiff's unjustified demand for a substantial allowance for the alleged deficiency was the real reason for its rejection

of the title, and that, without compliance with this demand on defendants' part, formal tender by them would have been fruitless.

The judgment should be modified, so as to compel plaintiff to perform its contract as of October 15, 1912, and appropriate findings to this effect should be submitted by the appellants, who are entitled to costs in this court and in the court below. All concur.