■ GRACE WONG et al., Respondents, v PHILIP WEISSMAN et al., Appellants.—In an action, *inter alia,* for specific performance of a contract for the sale of certain real property, the defendants appeal (1) from an order of the Supreme Court, Queens County (Sacks, J.), dated November 5, 1986, which denied their motion for summary judgment and vacatur of the notice of pendency filed by the plaintiffs on May 9, 1986, and, upon searching the record, granted judgment to the plaintiffs, and (2) from an order and judgment (one paper) of the same court, dated December 18, 1986, which, *inter alia,* is in favor of the plaintiffs and against them directing them to specifically perform the terms of the contract of sale.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the order dated November 5, 1986, is vacated, the defendants' motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that, in accordance with the "still open" offer made on page four of the defendants' reply brief, the defendants are directed to return to the plaintiffs their $21,500 down payment within 20 days after service upon them of a copy of this decision and order, with notice of entry.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (CPLR 5501 [a] [1]).

By contract dated January 4, 1986, the plaintiffs agreed to purchase the defendants' home for the sum of $215,000. The contract provided that all items of personal property taken thereunder shall be in "as is" condition. By a rider to the contract, the defendants agreed to make certain repairs. The

plaintiffs had sought to have included in the list repairs to an upstairs bathroom vanity mirror. That request was rejected by the defendants, however, and excluded from the contract. The plaintiffs thereafter obtained a $133,250 mortgage commitment from Green Point Savings Bank, an amount considerably less than the $155,000 anticipated by the contract, but nonetheless came to the March 14, 1986 closing allegedly ready to close. However, they aborted the closing because of the condition of the mirror. The plaintiff Wong had raised the issue of the mirror after her preclosing inspection of March 8, 1986. Although of the belief that they were under no obligation with respect to that mirror and that at most, the cost of repair was $50 to $60, the defendants offered a credit of $150 to dispose of the matter. Although the record establishes that, prior to the closing date, the plaintiffs' attorney agreed to dispose of the matter with the $150 credit, the plaintiffs rejected the offer at the closing and demanded that $500 be held in escrow to cover the cost of repairing the mirror. Upon the defendants' refusal to deposit that sum in escrow, the closing was aborted.

The defendants assert that the plaintiffs used the mirror issue as a meritless, bad-faith pretext to obtain a delay in order to obtain more favorable mortgage financing. The plaintiffs, on the other hand, suggest that the defendants' position on the issue was motivated by a desire to obtain a higher price from interested third parties, with whom they entered into a contract to sell the property for $237,000 less than three weeks after the aborted closing.

We conclude on the basis of this record that, as a matter of law, the plaintiffs acted unreasonably in refusing to close on this $215,000 sale on the sole ground advanced, namely, that the defendants were obligated to cure the mirror defect or offer more than the $150 credit (see, Giribaldi Realty & Constr. Co. v Santangelo, 164 App Div 513, affd 221 NY 673). Thus, the plaintiffs were not entitled to specific performance.

In view of all the circumstances, the defendants were not obligated to keep the property available for the plaintiffs (Weissberger v Wallach, 124 App Div 382), and summary judgment should have been granted to the defendants. However, on the facts of this case, the down payment of $21,500 should be returned to the plaintiffs in accordance with the defendants' "still open" offer set forth on page four of the defendants' reply brief and as confirmed by the defendants' counsel at oral argument. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.