■ JACOB KRAITENBERGER, Respondent, v ALOOW REALTY CORP., Also Known as ALOW REALTY CORP., Defendant, and EUNHEE PARK et al., Appellants.—In an action for specific performance of a contract for the sale of real property, the defendants Eunhee Park and Ohkil Park appeal from a judgment of the Supreme Court, Kings County (Rader, J.H.O.), dated June 13, 1989, which, after a nonjury trial, granted the plaintiff specific performance.

Ordered that the judgment is affirmed, with costs.

On September 13, 1982, the plaintiff, as buyer, and the defendant Aloow Realty Corp., as seller, entered into a contract for the purchase of real property. The contract contained a number of conditions which required the seller to make certain repairs and alterations prior to the closing. None of the conditions were met, and the buyer refused to proceed with the closing. The seller eventually resold the property to the appellants but not before the plaintiff filed a lis pendens and commenced the instant action.

The trial court awarded the plaintiff buyer specific performance, and ordered the appellants to deliver title to him. The appellants claim that the buyer's refusal to proceed to closing was unreasonable because the seller was not required to comply with the agreed-upon conditions prior to the closing.

Where the buyer's refusal to close is based upon the seller's failure to comply with minor or insignificant terms of the contract, the buyer's refusal is unreasonable and the buyer is not entitled to specific performance of the contract (see, *Wong v Weissman,* 133 AD2d 821; *Garibaldi Realty & Constr. Co. v Santangelo,* 164 App Div 513, *affd* 221 NY 673). However, in the present case, the contract conditions, which were exten-

sively negotiated and fully understood by the plaintiff buyer and the seller prior to entering into the contract, cannot be characterized as minor. Therefore, the court correctly found that it was within the plaintiff buyer's right to refuse to close and the contract remained in full force and effect. Therefore, the plaintiff buyer was entitled to specific performance. Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.