■ YOUSEF SEFARADI, Respondent, v AGHAJAN ASSIL, Appellant.—In an action, *inter alia,* for specific performance of a contract for the sale of a cooperative apartment, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (LeVine, J.), dated September 13, 1989, which, after a nonjury trial, awarded the plaintiff specific performance.

Ordered that the order and judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is granted, before a different Justice, with costs to abide the event.

Although the defendant's claim that he was denied a fair trial was not preserved for appellate review as a matter of law, we address it in the exercise of our interest of justice jurisdiction. The plaintiff and the defendant each took the stand. However, the court assumed the conduct of the trial, engaged in extensive colloquy with the attorneys, and permitted but three questions of the plaintiff and two of the defendant. Of the total of five questions asked, the court propounded three. Numerous other witnesses were present and prepared to testify, yet their testimony was precluded by the court. As a result, insufficient evidence was adduced on which to determine whether it was the plaintiff or the defendant who refused to consummate the transaction, or why *(see, e.g., Wong v Weissman,* 133 AD2d 821; *Giribaldi Realty & Constr. Co. v Santangelo,* 164 App Div 513, *affd* 221 NY 673), and, if it was the defendant who caused the breach, whether the plaintiff was nevertheless ready, willing, and able to perform his obligations under the contract *(Jewell v Rowe,* 119 AD2d 634; *Stawski v Epstein,* 67 AD2d 681). Under these circumstances a reasoned decision as to whether the plaintiff was entitled to specific performance could not be made. Therefore a new trial is granted. Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.