■ NEIL J. SAVASTA et al., Appellants, v PETER G. DUFFY, Respondent. [683 NYS2d 511] —Appeal from order, Supreme Court, New York County (Richard Lowe, III, J.), entered November 12, 1997, which, in an action for, *inter alia*, breach of a contract for the sale of a cooperative apartment, insofar as appealed from, denied plaintiffs' buyers' motion to accelerate

the return date of defendant's attorney's motion to quash a subpoena served on the bank in which he deposited plaintiffs' down payment into escrow, unanimously dismissed, without costs, as taken from a nonappealable order. Order, same court (Lorraine Miller, J.), entered March 13, 1998, which, upon the parties' respective motions for summary judgment, insofar as appealed from as limited by plaintiffs' briefs, dismissed plaintiffs' cause of action for breach of contract, granted defendant leave to renew his motion for summary judgment on his counterclaim for breach of contract, and canceled plaintiffs' notice of pendency and referred the issue of damages caused thereby to a Special Referee to hear and report, unanimously affirmed, with costs.

We agree with the IAS Court that any breach by defendant of this million-dollar contract by reason of his failure to disclose the $4,400 assessment, which could have been paid in 60 monthly installments, or $73 a month, was not material as a matter of law, and therefore did not justify plaintiffs' refusal to close (*see, Wong v Weissman*, 133 AD2d 821; *cf., Kraitenberger v Aloow Realty Corp.*, 172 AD2d 647, *lv dismissed* 78 NY2d 1072; *see also, 430 W. 23rd St. Tenants Corp. v 23rd Assocs.*, 155 AD2d 237, 239). The court also properly canceled the notice of pendency since shares in a cooperative apartment are personal and not real property (*Sansol Indus. v 345 E. 56th St. Owners*, 159 Misc 2d 822). We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Tom and Andrias, JJ.