■ WEST 17TH STREET AND TENTH AVENUE REALTY, LLC, Appellant, v THE N.E.W. CORP., Respondent. [65 NYS3d 132]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 19, 2016, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, and awarded defendant the down payment in this failed real estate transaction, unanimously affirmed, without costs.

The court properly found that defendant did not breach the contract by failing to disclose the presence of underground gas tanks on the property. In paragraph 4.13 of the contract, defendant guaranteed and warranted only that it had not generated, stored or disposed of hazardous materials and had no knowledge of the previous presence of such materials on the property. Plaintiff failed to present evidence sufficient to raise a triable issue of fact as to whether defendant was responsible for the presence of the gas tanks or had any knowledge of it. The former owner of the property and a managing member of defendant testified that he was unaware of the presence of the gas tanks.

In addition, paragraph 5 of the rider, which superseded the terms of the contract, provided that defendant disclaimed and was not making any warranties or representations concerning environmental conditions. Plaintiff acknowledged that it was relying solely on its own expertise and consultants in this regard, and was purchasing the property "as is, where is" (*see e.g. Rivietz v Wolohojian*, 38 AD3d 301 [1st Dept 2007]; *Kasten v Golden*, 50 AD3d 1098 [2d Dept 2008]).

Furthermore, the governmental E designation did not show that the tanks were located on the subject property, since the designation was issued if there were gas tanks on adjacent properties. Defendant demonstrated that the various websites

of governmental agencies indicated that gas tanks were located on nearby properties and were not on the property, and plaintiff failed to raise a triable issue of fact as to the presence of the gas tanks on or under the property.

Defendant's failure to disclose approximately $87,000 in rent arrears of one tenant was not material as a matter of law to this $32.5 million transaction (*see Savasta v Duffy*, 257 AD2d 435, 436 [1st Dept 1999]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Renwick, J.P., Manzanet-Daniels, Andrias, Kern and Oing, JJ.