Hu v Leff (2018 NY Slip Op 00617)





Hu v Leff


2018 NY Slip Op 00617


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


651417/16 5584 5583

[*1]Patrick Hu, et al., Plaintiffs-Respondents,
v
Richard Leff, et al., Defendants-Appellants.


J. Kaplan & Associates, PLLC, New York (Joseph D. DePalma of counsel), for appellants.
Steven Landy & Associates, PLLC, New York (David A. Wolf of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 27, 2017, which, to the extent appealed from as limited by the briefs, upon reargument, adhered to the determination on the original motion granting plaintiffs' motion for summary judgment on the claims for breach of contract and for a declaration that they are entitled to keep defendants' down payment, and denied defendants' motion for summary judgment on their counterclaim for return of the down payment, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 20, 2016, unanimously dismissed, without costs, as superseded by the appeal from the order on reargument.
After the parties entered into a contract for sale of a condominium apartment, but before the closing, building-wide structural defects were discovered that required remediation work to the ceiling of the apartment. As a result, there were two foot by two foot holes in the ceiling at the time of the scheduled closing. The building's engineers estimated that work to repair the ceiling would cost $30,000 to $50,000 and would take approximately three weeks to complete. The sellers advised the buyers of this and provided them with documentation the day after they learned of it, and the buyers performed a walk-through a few days later, but raised no objection until the day of the closing, when, even after the sellers offered to give the buyers a $50,000 credit, the buyers refused to tender the balance of the purchase price.
As the motion court ruled, the structural defects in the ceiling, which existed at the time the contract was executed, are covered under the "as is" clauses in the contract and rider, even if they were unknown to the parties at that time (see West 17th St. & Tenth Ave. Realty, LLC v The N.E.W. Corp., 155 AD3d 478 [1st Dept 2017]). The "risk of loss" provision of the sale contract does not apply, since it covers damage caused by "fire or other casualty" that would have been covered by the sellers's insurance (see 45 Broadway Owner LLC v NYSA-ILA Pension Trust Fund, 107 AD3d 629 [1st Dept 2013], lv denied 22 NY3d 852 [2013]). Even if we accept the argument that the seller is in default, the purchaser must show the seller is unable to correct the [*2]default in reasonable time or has refused to do so upon the purchaser's demand (Cohen v Kranz, 12 NY2d 242, 246 [1963]; Martocci v Schneider, 119 AD3d 746, 748 [2d Dept 2014]). The purchaser failed to do so.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK