circumstances here presented.  If there was no partnership, and Mr. Pounds was not entitled to any interest in the property, the legal title of which was concededly in the defendant Mrs. Egbert, then the decree is harmless as against the other defendants, and affords no ground for complaint.

We are clearly of the opinion that no rights of the appellant have been violated, that he has had all of the protection under his lis pendens that the law contemplated, and that the decree of the court at Special Term was right.

The judgment appealed from should be affirmed, with costs.  All concur.

---

### LAWLER v. DENSMORE–COMPTON BLDG. CO.

(Supreme Court, Special Term, New York County.  October 5, 1908.)

1. LIS PENDENS—ACTIONS AFFECTING REAL PROPERTY.
   Under Code Civ. Proc. § 1670, providing that a lis pendens may be filed in an action for judgment affecting the title to, or the possession, use, or enjoyment of, real property, a lis pendens may be filed in an action to enjoin defendant from interfering with plaintiff's possession of an apartment in an apartment house, and for specific performance of a contract for the sale by defendant to plaintiff of such apartment, together with the giving of a proprietary lease of the apartment.  The fact that plaintiff's interest is in only part of the premises does not make it any less an interest in real property, and the fact that her interest is in a leasehold, instead of a fee, does not deprive her of the right to file a lis pendens.

2. SAME—COMPLAINT—SUFFICIENCY.
   The court, on motion to cancel a lis pendens, cannot determine whether or not the action is well brought, or examine the complaint to see whether a demurrer would be sustained; and where the object of the action is to recover a judgment specified in Code Civ. Proc. § 1670, the court has no power to cancel the lis pendens because it is of the opinion, from the allegations of the complaint, that the action cannot be maintained for that purpose.

Action by Lillie Lawler against the Densmore-Compton Building Company.  Heard on motion to cancel notice of pendency of action.  Denied.

Gignoux & Reed (Max D. Steuer, of counsel), for the motion.
Cushing & Cushing, opposed.

GIEGERICH, J.  It appears from the complaint that the defendant, the Densmore-Compton Building Company, and the plaintiff entered into an agreement by the terms of which the former agreed to sell to the latter duplex apartments upon the ninth and tenth floors of an apartment building to be thereafter erected upon the southeast corner of Fifty-Eighth street and Park avenue, borough of Manhattan, said apartment to cost $22,500.  It is further alleged that the plaintiff was one of the originators and prime movers in the organization and promotion of this co-operative apartment building plan, and because of her executive ability, social prominence, and influence, and in recognition of her services already given, and for the purpose of

acquiring her future services and influence, and in lieu of any and all other profits to which she would have been otherwise entitled, the defendant agreed to permit her to pay for her apartment out of commissions arising from her procurement of purchasers of other apartments, and in the event of her commissions not being sufficient to purchase said apartments the defendant agreed to loan her the balance "at 4 per cent., taking a mortgage on said apartments, which mortgage could be paid off by commissions upon apartments" which the plaintiff might sell in other co-operative apartment buildings to be thereafter erected by the defendant. In furtherance of this plan a corporation, known as "No. 471 Park Avenue, Incorporated," was organized and stock subscribed for by the purchasers to the extent of the cost of their apartments, and the holders of said stock were to be entitled to a proprietary lease of said apartments upon the completion of the building. The complaint further alleges that the defendant, the Densmore-Compton Building Company, now refuses to carry out its contract and threatens to sell and otherwise dispose of the apartments. The relief asked for in the complaint is an injunction against the defendants from interfering with plaintiff's possession and occupation of said apartments, and for specific performance of the contract on their part, including the giving of a proprietary lease of the apartment in question to the plaintiff.

A notice of pendency of action has been filed, which the defendants seek by this motion to have canceled. A lis pendens may be filed in an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of, real property. Code Civ. Proc. § 1670. The defendants contend that, if the plaintiff acquired any rights, she acquired them by the execution by her of the subscription agreement and its acceptance by the defendants, or one of them, and that her rights are those of a subscriber to stock, and not those of one claiming to recover a judgment affecting the title, possession, use, or enjoyment of real property. By the terms of the subscription agreement and contract with the defendant the plaintiff was to be entitled to a proprietary lease of said apartments, and she became, to all intents and purposes, the equitable owner of the same. What the plaintiff bought was, not stock as an investment, but apartments in a building to be her home, where she would reside, and the stock subscribed for was a mere incident of that ownership. The fact that her interest is in only part of the whole premises manifestly does not make it any the less an interest in real property. Neither is the fact that her interest is in a leasehold, instead of the fee, a reason why a lis pendens should be denied her.

In Wilmont v. Meserole, 41 N. Y. Super. Ct. 274, the action was brought to procure the avoidance or cancellation of record of an assignment of a lease for a term of 13 years, and it was held that such an action was one affecting the title to real property, and that the lis pendens was properly filed. Ruck v. Lange, 10 Hun, 303, was brought to procure the specific performance of a contract for the sale of a leasehold interest in land having about 20 years to run, and it was held that the action affected the title to real estate, and that a notice of pen-

dency of the action could be filed. In the present case the leasehold interest of the plaintiff would seem to be of a higher character than in either of the cases just cited.

On behalf of the defendants it is objected that the complaint fails to show a contract sufficiently definite to entitle the plaintiff to specific performance, and it is a serious question whether the objection is not well grounded; but upon such a motion as this the court cannot determine whether or not the action is well brought, or critically examine the complaint to see whether a demurrer would be sustained. If the object of the action is to recover a judgment specified in section 1670 of the Code, the court has no power to cancel the notice of pendency of action, because it would be of the opinion from the allegations of the complaint that the action could not be maintained for that purpose. Brox v. Riker, 56 App. Div. 388, 67 N. Y. Supp. 772; Mc-Crum v. Lex Realty Co., 113 App. Div. 58, 98 N. Y. Supp. 1021; Werner v. Jackson, 115 App. Div. 176, 100 N. Y. Supp. 763, and cases cited. Within the authorities above cited, this action must be deemed to fall within the provisions of section 1670 of the Code of Civil Procedure.

The motion must therefore be denied, with $10 costs.