OPINION OF THE COURT
Edward J. Greenfield, J.
Defendants’ application to cancel and discharge the lis pen-dens filed in this action in the Office of the Clerk of New York County against the premises 103 East 10th Street is granted.
This action was commenced on April 10, 1984 seeking to recover damages for wrongful eviction and to recover possession of the subject apartment. Plaintiff herein had been the tenant of apartment 3B at 103 East 10th Street for 20 years when she was evicted therefrom in November 1983. The notice of pendency was allegedly filed to give notice that plaintiff has the right to the possession of this apartment over the rights of any subsequent occupant or purchaser under an expected cooperative conversion.
Defendants now seek an order canceling the lis pendens on the grounds that the within action is not one in which judgment would affect title to real property. Plaintiff opposes this relief contending that without the notice of pendency to alert potential tenants and buyers of plaintiff’s alleged right of possession during the litigation of this action, she would be deprived of the *385 reinstatement which she claims should she succeed on the merits.
CPLR 6501 provides, in part, that “[a] notice of pendency may be filed in any action * * * in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property”. The doctrine does not apply to actions to recover damages (13 Carmody-Wait 2d, NY Prac § 87.21). Furthermore, a notice of pendency is “an extraordinary privilege which has been granted to a litigant * * * and [therefore] strict compliance with the [statute] is required” (Israelson v Bradley, 308 NY 511, 516).
Determination of the instant action will not affect the title, use or occupancy of the subject realty. What is at issue herein is plaintiff’s right to the possession of her apartment pursuant to her lease. It is well settled that a leasehold interest is not an interest in real property, but is deemed to be personalty (Matter of Gruman Aircraft Eng. Corp. v Board of Assessors, 2 NY2d 500). Thus, the judgment demanded by plaintiff in this action cannot affect the title to the subject premises, as plaintiff possesses no interest in the title in the first instance. Moreover, any sale or transfer of the building would be subject to existing tenancies and the rights under any leases. Thus, the filing of a lis pendens to protect plaintiff’s leasehold interest is inappropriate (Bahr v Polizzi, NYLJ, Nov. 30,1983, p 11, col 2 [Sup Ct, NY County, Ascione, J.]).
Likewise, plaintiff’s selection of the remedy under CPLR 6501 to preserve her rights for conveyance of the shares should a cooperative conversion occur is improper (Shapiro v 420 E. Assoc., NYLJ, June 27, 1984, p 7, col 1 [Sup Ct, NY County, Ostrau, J.]). Shares of stock of a cooperative corporation are personalty and not subject to notice of pendency filing (Shapiro v 420 E. Assoc., supra, citing Genesis Mgt. Corp. v Silver, NYLJ, Nov. 16,1983, p 6, col 4 [Saks, J.]). The relief sought by plaintiff is more appropriately addressed by means of a preliminary injunction.
Accordingly, this application to cancel the notice of pendency is granted and the clerk is directed to comply upon service of a copy of this order with notice of entry.