*823 OPINION OF THE COURT
Stephen G. Crane, J.
On February 24, 1993, this court issued an order granting defendant’s motion to vacate a notice of pendency. This opinion was to follow.
Plaintiff was the highest bidder at a foreclosure auction of 50 apartments in defendant’s cooperative building. For reasons this court previously found sufficient to deny a preliminary injunction to prevent sale to third parties of the stock attributable to these apartments, the defendant rejected plaintiffs high bid.[1] On October 8, 1992, the preliminary injunction was denied. On November 13, 1992, plaintiff filed a notice of pendency against the proprietary leases for these 50 apartments.
This case presents squarely the very issue that the Court of Appeals reserved for future determination in 5303 Realty Corp. v O & Y Equity Corp. (64 NY2d 313, 323-324, n 7). The O & Y case held that the sale of stock of a corporation whose sole asset is real property would not support the filing of a notice of pendency. O & Y also teaches that a notice of pendency is strictly limited to suits affecting title to, or possession, use or enjoyment of, real property so that an action to compel specific performance of the sale of stock, albeit representing a beneficial interest in realty, would not support this provisional remedy. (Supra, at 315-316.) Strict compliance with the statute is required. (Israelson v Bradley, 308 NY 511, 516; Chambi v Navarro, Vives & Cia, 95 AD2d 667.)
Review of the notice of pendency is limited to the pleading on which the device rests pursuant to CPLR 6501.[2] (5303 Realty Corp. v O & Y Equity Corp., supra, at 320.) The complaint at bar contains six causes of action: (1) for money damages for breach of contract; (2) for specific performance of plaintiffs successful bid for the shares allocated to the 50 apartments and their appurtenant proprietary leases; (3) for a *824 constructive trust of the shares; (4) for damages for conversion of the shares; (5) for fraud damages; and (6) for return of plaintiff’s deposit and attorney’s fees.
Arguably, the second cause of action for specific performance with its objective of obtaining for plaintiff the shares and appurtenant proprietary leases is the only foundation for the notice of pendency. Indeed, plaintiff argues that apartments, not shares, are the substance of the transaction and that it is a fiction to say that the right to enjoyment, use and possession of the apartments themselves are not at stake here. Yet, this self-same observation was made by Judge Jasen in the dissent in O & Y (64 NY2d, supra, at 325): "The essence of the instant transaction does not concern recovery of legal tender, securities, or articles of ordinary commerce, but, rather, the conveyance of real property.” When it is recalled that the transaction in O & Y was structured as a sale of stock instead of a direct purchase of the real estate in order to avoid the real estate transfer tax, it became patent that the majority in O & Y was rejecting Judge Jasen’s invitation to analyze the substance of the transaction. This rejection impels this court to reject plaintiff’s identical argument in the case at bar.
We all know that stock in a residential cooperative corporation with its appurtenant proprietary lease is subject to various characterizations as realty or personalty depending upon the purpose of the characterization. (See, e.g., Matter of Carmer, 71 NY2d 781, 784-785; Matter of State Tax Comma. v Shor, 43 NY2d 151, 156-157; Silverman v Alcoa Plaza Assocs., 37 AD2d 166, 168-172; Note, Legal Characterization of The Individual's Interest in a Cooperative Apartment: Realty or Personalty?, 73 Colum L Rev 250, 263 [1973].) The plaintiff claims that the reference in the second cause of action to the proprietary leases appurtenant to the shares for these 50 apartments takes this case out of the realm of personalty and amounts to a claim affecting enjoyment, use or possession of real property. This characterization has already been rejected, however, at least for purposes of CPLR 5203 and the ranking of judgment creditors: "The ownership interest of a tenant-shareholder in a co-operative apartment is sui generis. It reflects only an ownership of a proprietary lease, and therefore arguably an interest in a chattel real, conditional however upon his shareholder interest in the co-operative corporation, an interest always treated as personal property. The leasehold and the shareholding are inseparable. For some *825 special purposes, the real property aspect may predominate * * * But, where priorities of judgment creditors are involved, the stock certificate and lease involved in the typical co-operative apartment transaction fit better, legally and pragmatically, although with imperfect linguistic formulation, into the statutory framework governing personal property. Since a cooperative apartment leasehold, inseparable from co-operative shares, is not a chattel real for purposes of CPLR 5203, Fidelity, did not obtain a lien merely upon docketing its judgment [citations omitted].” (Matter of State Tax Comma. v Shor, supra, at 154; accord, Matter of Grumman Aircraft Eng’g Corp. v Board of Assessors, 2 NY2d 500, 507 ["It is significant to note that nowhere in the Tax Law has the Legislature characterized a leasehold as taxable real property. Such omission is understandable, as a lease for years is deemed personalty”], cert denied 355 US 814; Matter of State Tax Comma. v Shor, 53 AD2d 814, 815, affd 43 NY2d 151 ["The corporation is sole owner of the land and building. It is the stock and not the lease, which is sold. And stock ownership is a prerequisite to procuring a lease * * * It necessarily follows then that an interest in a co-operative apartment is not a chattel real”]; Silverman v Alcoa Plaza Assocs., 37 AD2d 166, 172 ["(A) proprietary lease is no different from any other type of lease. It is personal property”]; Gyurek v 103 E. 10th Owners Corp., 128 Misc 2d 384, 385 [Greenfield, J.] ["It is well settled that a leasehold interest is not an interest in real property, but is deemed to be personalty”].)[3] Condominiums, on the other hand, are treated differently. (See, Frisch v Bellmarc Mgt., 190 AD2d 383.)
The court’s conclusion finds further support in several Supreme Court cases. For example, a notice of pendency was vacated in an action for specific performance of the sale of shares of a cooperative apartment since those shares are personal and not real property. (La Shannon v Grinnell Hous. Dev. Fund, Oct. 22, 1984, index No. 10442/84.) Similarly, where the plaintiff sought to compel defendants to issue shares of stock and a proprietary lease in a cooperative apartment alleging he was fraudulently induced to enter into *826 an assignment of his subscription agreement, the court vacated the notice of pendency on the ground that the shares of cooperative stock were personalty and thus not a right, title or interest in the property that CPLR 6501 was enacted to preserve. (Shapiro v 420 E. Assocs., NYLJ, June 27, 1984, at 7, col 1; see also, Genesis Mgt. Corp. v Silver, NYLJ, Nov. 16, 1983, at 6, col 4.)
The only case that, at first blush, appears to undermine the characterization as personalty of an interest in a residential cooperative is Lawlor v Densmore-Compton Bldg. Co. (60 Misc 555, affd 133 App Div 896). Lawlor reasoned that since the plaintiff, under the contract that she was trying to specifically enforce, was entitled to proprietary leases for her apartments, she had become their equitable owner. The court refused to cancel plaintiff’s lis pendens: "The fact that her interest is in only part of the whole premises manifestly does not make it any the less an interest in real property. Neither is the fact that her interest is in a leasehold instead of the fee a reason why a lis pendens should be denied her.” (Supra, at 557.)
It is not at all clear that the result in Lawlor (supra) was not influenced by the common-law rules governing lis pendens which may still apply in actions involving personalty. (7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6501.03; Annotation, Statute Requiring Filing of Formal Notice of Lis Pendens in Certain Classes of Cases as Affecting Common-Law Doctrine of Lis Pendens in Other Cases, 10 ALR 306.) This is a clear possibility in view of the ancient cases the Supreme Court relied on in Lawlor to reach its result.
In any event, Lawlor (supra) involved duplex apartments (how many is not disclosed), on the ninth and tenth floors of a building to be constructed, that plaintiff planned to use as her residence. O & Y (supra) can be harmonized because the plan was for the plaintiff to acquire the entire building for commercial purposes. The case at bar is more like O & Y than Lawlor because it involves the acquisition of 50 apartments out of an undisclosed total in the building. None of these 50 apartments was being acquired for the residence of the corporate plaintiff, as far as the papers on this motion reveal. These apartments, moreover, may represent a substantial portion of the entire building.
The final ingredient that contributed to the determination to cancel the notice of pendency at bar was the circumstance of its filing. Following hard on the heels of the denial of the *827 preliminary injunction came the filing of the notice of pendency. This certainly appeared as an end run around the denial. CPLR 6001 provides: "The provisional remedies are attachment, injunction, receivership and notice of pendency. On a motion for a provisional remedy, the plaintiff shall state whether any other provisional remedy has been secured or sought in the same action against the same defendant, and the court may require the plaintiff to elect between those remedies to which he would otherwise be entitled.” There is virtually no legislative history or case law to illuminate this election provision stemming from former Civil Practice Act §823.[4] There have been cases suggesting alternatives to a notice of pendency such as injunction or attachment where the remedy of the notice of pendency is unavailable. (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 324, supra; Chambi v Navarro, Vives & Cia, 95 AD2d 667, supra; Gyurek v 103 E. 10th Owners Corp., 128 Misc 2d 384, 385, supra.) This approach has been criticized. (Siegel, NY Prac § 334, at 476 [2d ed].) One case, Vincent v Seaman (152 AD2d 841, 843), presented the reverse sequence of the provisional remedies plaintiff sought at bar. There, it was held that a plaintiff who was precluded from filing a second notice of pendency for a formal defect was not thereby deprived of the right to pursue another form of provisional relief.
Yet, in the peculiar circumstances at bar, where the plaintiff has lost in its attempt to obtain a preliminary injunction for failure to demonstrate equity and a likelihood of success, and it subsequently resorted to the potent weapon of a notice of pendency (5303 Realty Corp. v Equity Corp., 64 NY2d, supra, at 315), which has the same effect as the failed injunction would have achieved, it is appropriate to hold plaintiff to the remedy it first elected. The court should not countenance the use of the notice of pendency as a sword rather than a shield. (Chambi v Navarro, Vives & Cia, supra, at 667, citing Mageloff v Sarkin, 52 Misc 2d 737, 740.)
For the foregoing reasons the motion to cancel the notice of pendency was granted.

. It seems the advertisement for the auction subjected the bids to approval of the cooperative’s board. This restriction appears reasonable since the foreclosures stemmed from nonpayment of monthly maintenance threatening defendant’s financial stability. It is legitimate for defendant to want reassurances from a successful bidder of its ability to pay these charges in the future; and plaintiff failed to respond adequately to this need.

. "A notice of pendency may be filed in any action * * * in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property.”

. In Gyurek (supra) Justice Greenfield cancelled a notice of pendency to preserve plaintiffs right to possess a cooperative apartment, not only because a leasehold is personalty not subject to a lis pendens but also because the cooperative shares of stock are likewise not subject to the filing of this provisional remedy. The court relegated the plaintiff to the more appropriate relief available by way of a preliminary injunction.

. "Where an application for an order of arrest, an injunction [order] and a warrant of attachment, or two of them, is made in the same action against the same defendant, and it satisfactorily appears that, under the particular circumstances of the case, two or all of them are not necessary for the plaintiffs security, the court or judge, in its or his discretion, may require the plaintiff to elect between them.”