OPINION OF THE COURT
Richard F. Braun, J.
Plaintiff United Car & Limousine Foundation Inc. has brought this action for a declaratory judgment and injunctive relief. Plaintiff seeks in its complaint a judgment declaring that certain rules recently promulgated by defendant New York City Taxi and Limousine Commission (TLC), of which defendant Diane McGrath McKechnie is chairperson, are unconstitutional, and null and void; and enjoining defendants from implementing and enforcing the rules. Plaintiff moves for a judgment declaring the rules null and void, and preliminarily and permanently enjoining and restraining defendants and their agents, servants, employees, and successors from implementing and enforcing the rules. Defendants cross-move to dismiss the complaint for failure to state a cause of action.
As a preliminary matter, plaintiff cannot move by way of this preanswer motion for the ultimate relief sought but would have to await joinder of issue and then move for summary judgment, pursuant to CPLR 3212 (b) (see, City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]). Thus, the branches of the motion by plaintiff seeking a declaratory judgment and a permanent injunction must be denied.
On May 28, 1998, defendant TLC held a public hearing regarding proposed amendments to the rules regulating medallion “yellow” taxicab and for-hire owners and drivers. Of the proposals which were adopted, plaintiff specifically challenges only two: 35 RCNY 1-40 (d) and 2-70. The former relates to insurance requirements as to yellow taxicab owners, and the latter to points to be assigned to yellow taxicab drivers for violations of proscribed conduct, and consequent license suspensions and revocations. Fifteen of the amended rules were challenged in a separate action by the yellow taxicab industry, and only one rule, not at issue here, was found to be invalid (New York City Comm. for Taxi Safety v New York City Taxi & Limousine Commn., 177 Misc 2d 855 [Sup Ct, NY County 1998]).
*736 The regulatory schemes for yellow taxicabs and for-hire vehicles are wholly separate (compare, 35 RCNY chs 1, 2, with ch 6). Defendants correctly point out that the rules that plaintiff challenges only apply to yellow taxicab owners and drivers, and not to owners and drivers of for-hire vehicles. The terms are defined in the rules (35 RCNY 1-01, 2-01, 6-01).
A taxicab is defined as: “a motor vehicle licensed by [defendant TLC] to carry passengers for hire, designed to carry a maximum of five (5) passengers, and authorized to accept hails from prospective passengers in the street.” (35 RCNY 1-01.)
A taxicab owner is defined as: “an individual, partnership or corporation licensed by [defendant TLC] to own and operate a medallion taxicab or taxicabs.” (35 RCNY 1-01.)
A taxicab driver is defined as: “a person licensed to drive a medallion taxicab in the City of New York.” (35 RCNY 2-01.)
A for-hire vehicle is defined as: “a motor vehicle carrying passengers for hire in the City, designed to carry fewer than nine passengers, excluding the driver, with three (3) or more doors, other than a taxicab, coach or wheelchair accessible van, and not permitted to accept street hails from prospective passengers in the street and required to be licensed by [defendant TLC].” (35 RCNY 6-01 [emphasis added].)
A for-hire vehicle owner is defined as: “an individual, partnership or corporation in whose name a vehicle is titled. For purposes of these rules, the term shall also apply to the lessee of the vehicle from the titled owner.” (35 RCNY 6-01.)
A for-hire driver is defined as: “a person who drives a for-hire vehicle and who is required to be licensed by [defendant TLC].” (35 RCNY 6-01.)
Plaintiff alleges that it is a not-for-profit corporation consisting of approximately 35 car and limousine companies. Plaintiff does not consist of any yellow taxicab owners or drivers. Thus, plaintiff has not set forth a cause of action in its challenge to the two rules that plaintiff is attacking, both of which only control the yellow taxicab industry and not the for-hire industry. Therefore, defendants’ cross motion to dismiss the complaint for failure to state a cause of action must be granted.
In order to obtain a preliminary injunction, plaintiff must show with competent proof a likelihood of success on the merits, that the members of plaintiff would suffer irreparable injury unless the relief sought is granted, and that a balancing of the equities lies in favor of plaintiffs members (Faberge Intl. *737 v Di Pino, 109 AD2d 235, 240 [1st Dept 1985]). Even if the court were not dismissing this action, plaintiff has not met its burden of proving that plaintiff is entitled to the preliminary injunction that plaintiff is seeking.
Pursuant to the New York City Charter, the purpose of defendant TLC includes that it shall “consonant with the promotion and protection of the public comfort and convenience *■ * * adopt and establish an overall public transportation policy governing taxi, coach, limousine, [and] wheelchair accessible van services” (NY City Charter § 2300). This includes establishing “standards of insurance and minimum coverage; standards for driver safety * * * [and] standards and criteria for the licensing of vehicles, drivers and chauffeurs, owners and operators engaged in such services” (NY City Charter § 2300). Defendant TLC’s “jurisdiction, powers and duties * * * shall include the regulation and supervision of the business and industry of transportation of persons by licensed vehicles for hire in the city” (NY City Charter § 2303 [a]). This extends to “issuance, revocation, [and] suspension of licenses for drivers, chauffeurs, owners or operators of vehicles, other than licenses issued pursuant to state law” (NY City Charter § 2303 [b] [5]), and “[requirements for the maintenance of financial responsibility, insurance and minimum coverage” (NY City Charter § 2303 [b] [7]). Defendant TLC has rule-making authority to effectuate its mandate (NY City Charter § 2303 [b] [11]).
Judicial review of an administrative agency’s rule making is extremely limited, and exercise of such authority is to be given a large degree of deference by the courts, especially where, as here, the agency has acted within the area of its expertise (Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health, 85 NY2d 326, 331 [1995]). A court must determine whether the challenged agency rule has a rational basis and whether the rule is unreasonable, arbitrary, or capricious (supra). A court cannot base its review on whether the rule is the most effective way to effectuate the goal of the agency (Big Apple Food Vendors’ Assn. v City of New York, 228 AD2d 282, 282-283 [1st Dept 1996]).
Plaintiff’s attorneys rail speculatively that the insurance coverage increases will encourage substantially more claims in what the attorneys for plaintiff call “today’s litigious society”. The real outcome of the rules requiring increased insurance coverage is that persons who are injured by negligent for-hire and yellow taxicab drivers and owners will have a greater resource available from which the injured persons can be *738 compensated. This is a rational, legitimate, and laudatory governmental purpose on the part of defendants to further the public welfare (see, French Investing Co. v City of New York, 39 NY2d 587, 596, appeal dismissed 429 US 990 [1976]). Now, seriously injured persons will be able to recover at least a larger amount of compensation for their injuries caused by the negligence of plaintiffs members and their drivers.
Plaintiffs argument that State law has preempted defendant TLC’s power to raise insurance rates must fail. Just because the State has set minimum liability insurance policy amounts that have to be carried by vehicle owners, that does not mean a locality cannot require a higher minimum amount of insurance to address local needs (cf., People v Cook, 34 NY2d 100, 109-110 [1974] [where it was held that, even where there is an inconsistency between a local law and a State law, the former would be upheld if there is a special local problem which supports the variation]). Here, due to the large volume of traffic in New York City, including many for-hire vehicles and yellow taxicabs, leading to a great number of vehicular accidents, defendants have assessed that there is a need for greater liability insurance coverage for those for-hire and yellow cab vehicles. That is a permissible exercise of the power of defendant TLC.
Plaintiff has not shown a likelihood of success on the merits in this action. Furthermore, plaintiffs contentions as to irreparable injury are speculative. There is no competent proof that any of plaintiffs members would not be able to pay any additional insurance premiums for the required increased insurance coverage or that any of the members of plaintiff, which consists of owners, not drivers, will not be able to have a sufficient number of drivers working for them, even if some for-hire drivers receive an amount of points that would cause their licenses to be suspended or revoked. The equities balance in favor of defendants, who have acted rationally in effectuating their legitimate governmental purposes by enacting the challenged rules for the sake of the general public in New York City.
Finally, the rules were to go into effect on the date that this court signed the order to show cause submitted by plaintiff. No temporary restraining order was sought. As the rules are apparently now in effect (defendants’ attorney stated that she believes that they are), the branch of the motion seeking to preliminarily enjoin defendants from implementing the rules would appear to be moot.
*739 Therefore, plaintiff’s motion must be denied in its entirety, and defendants’ cross motion granted. This action should be dismissed.