OPINION OF THE COURT
Richard F. Braun, J.
Plaintiffs commenced this action seeking a declaratory judgment against defendants the City of New York (City), New York City Department of Consumer Affairs (DCA), and Jules Polonetsky, DCA’s Commissioner (Commissioner) declaring invalid four rules recently amended by defendant DCA relating to the regulation of the funeral home industry. Plaintiffs move for a preliminary injunction enjoining enforcement of those rules. The motion should be denied for the reasons set forth below.
Plaintiff Metropolitan Funeral Directors Association, Inc. (MFDA) is a not-for-profit corporation organized under the laws of the State of New York and is the local chapter of the New York State Funeral Directors Association. Plaintiff MFDA represents approximately 200 funeral homes in the New York City metropolitan area and brings this action on behalf of itself and its members. Plaintiff John C. Sommese (Sommese) is plaintiff MFDA’s president and a funeral director licensed to do business in the State of New York. The other named plaintiffs are registered funeral homes, and licensed funeral directors and shareholders of funeral home corporations.
The rules challenged by plaintiffs are the amendments to rules 5-162, 5-164, 5-165 and 5-166 of subchapter G of chapter 5 of.title 6 of the Rules of the City of New York (the Amended Rules). The Amended Rules would require providers of funeral services to, inter alla, (i) display price lists in the immediate vicinity of their funeral establishment’s main public entrance (Amended Rule 5-162 [c] [2]); (ii) provide certain price information over the telephone (Amended Rule 5-164 [a], [b]); (iii) display the names of owners with at least a-10% ownership interest in the funeral home on a sign located either immediately outside of their funeral establishment’s main entrance or immediately inside the main entrance (Amended Rule 5-165 [a]); (iv) list the names, addresses, and phone numbers of business entities having a 10% or greater ownership interest in the funeral home on all advertising material *981 and on their price list (Amended Rule 5-165 [b]); and (v) provide a separate contract and price list in connection with the sale of monuments (Amended Rule 5-166 [b], [c]).
Plaintiffs argue that preliminary injunctive relief is appropriate here because the Amended Rules are preempted by, and are inconsistent with, article 34 of the State’s Public Health Law and the regulations promulgated thereunder. Plaintiffs also contend that the Amended Rules were adopted by defendant Commissioner in excess of the authority delegated to him under the Administrative Code of the City of New York, serve no legitimate government purpose, are unconstitutionally vague, and are arbitrary and capricious.
Plaintiffs assert that the goodwill and business reputations of funeral service providers would be irreparably harmed if the Amended Rules are permitted to go into effect. In particular, plaintiffs claim that the public display of pricing information would interfere with the ambiance of the funeral establishments and would not be welcomed by consumers of their services. For example, according to plaintiff Sommese, the posting of price lists in the funeral homes “would simply be inappropriate and unprofessional.” Plaintiff Anthony J. Martino (Martino), who is a licensed funeral director and the sole shareholder of a company which is the 100% owner of plaintiff Hess-Miller Funeral Home, Inc., also opposes the Amended Rules on the grounds that they would be harmful to his business and are unnecessary. In his affidavit, plaintiff Martino states that the posting of price lists “violates the privacy interest of my customers” because “family members who pay for funeral services do not want other family members to know how much was spent.”
Further, plaintiffs argue that the enforcement of the Amended Rules would interfere with the ability of funeral providers to do business. In his affidavit, Wilson H. Beebe, Jr., the Executive Director of plaintiff MFDA, states that the “Amended Rules have made overall compliance by [funeral home] firms that conduct business in the City of New York next to impossible since the Amended Rules are largely inconsistent and, in some cases, completely contradictory to, New York State law.” Plaintiffs also assert that they would be required to spend significant sums of money to comply with the Amended Rules which amounts would not be refunded in the event that the Amended Rules are invalidated. In contrast, plaintiffs contend that defendants would not be harmed if the status quo is maintained pending the outcome of this action.
*982 Defendants counter that the Amended Rules serve the legitimate purpose of protecting consumers, are not arbitrary and capricious, and are a rational exercise of defendant Commissioner’s statutory authority. Defendants note that the Amended Rules were promulgated after an investigation by defendant DC A, which culminated in a February 1999 report entitled “The High Cost of Dying.” The investigation revealed, inter alla, that consolidation of ownership in the funeral home industry had resulted in higher funeral prices to consumers, and that funeral establishments often hide their ownership and claim to be independent, family-owned operations when they are not. According to defendant Commissioner, the Amended Rules were “adopted by DCA * * * to enable consumers to make decisions regarding the significant costs of a funeral in an informed and pressure-free manner.” Defendants also contend that the Amended Rules are consistent with New York State law which does not preempt the entire field of funeral industry regulation.
The remedy of a preliminary injunction is “drastic relief’ (New York Auto. Ins. Plan v New York Schools Ins. Reciprocal, 241 AD2d 313, 314 [1st Dept 1997]). A party seeking such relief must establish “(1) the likelihood of success on the merits; (2) irreparable injury absent granting the preliminary injunction; and (3) a balancing of the equities. [Citations omitted.]” (Grant Co. v Srogi, 52 NY2d 496, 517 [1981].)
To succeed on the merits, plaintiffs must show either that (i) the Amended Rules are preempted by, or are inconsistent with, New York State laws regulating the funeral home industry, (ii) defendant Commissioner acted outside his statutory authority, (iii) the Amended Rules are not rationally related to a legitimate government purpose, or are unreasonable, arbitrary, or capricious, or (iv) are unconstitutionally vague. As set forth below, plaintiffs have failed to show that they will succeed on any of these grounds.
The State Constitution and the Municipal Home Rule Law grant defendant City broad powers with respect to the protection of the health and safety of those who reside within municipal boundaries (NY Const, art IX, § 2, cl [c]; Municipal Home Rule Law § 10 [1] [ii] [a] [12]). Local laws enacted pursuant to these powers may be invalidated “as inconsistent with State law not only where an express conflict exists between the State and local laws, but also where the State has clearly evinced a desire to preempt an entire field thereby precluding any further local regulation [citations omitted].” (Jancyn Mfg. Corp. v *983 County of Suffolk, 71 NY2d 91, 96-97 [1987].) A State’s intent to preempt a field of regulation need not be express and “may be inferred from a declaration of State policy by the Legislature or from the legislative enactment of a comprehensive and detailed regulatory scheme in a particular area.” (New York State Club Assn. v City of New York, 69 NY2d 211, 217 [1987], affd 487 US 1 [1988].)
The State has enacted laws and regulations concerning many aspects of the funeral establishment industry. These laws are contained in article 34 of the Public Health Law and the regulations in parts 77, 78 and 79 of title 10 of the NYCRR. Public Health Law article 34 regulates the licensure and practice of funeral directing. The regulations under NYCRR title 10 require, inter alla, (i) the presentation of price lists to inquiring customers (10 NYCRR 79.4); (ii) the use of the true registered names of funeral firms on signs (10 NYCRR 77.5 [c] [4]); (iii) the use of the true registered names and address of funeral firms in advertisements and other publications (10 NYCRR 77.5 [c] [5]); and (iv) the disclosure of pricing information over the telephone (10 NYCRR 79.1). Moreover, the State Legislature has recently enacted a law covering the sale of monuments and memorials.
Plaintiffs argue that the comprehensive nature of the State’s laws regulating the funeral home industry, many of which cover the same topics as defendant City’s Rules, demonstrates an intention by the State to preempt the field. This argument is unavailing. First, that the State and locality both “seek to regulate the same subject matter does not in and of itself give rise to an express conflict [citations omitted].” (Jancyn Mfg. Corp. v County of Suffolk, supra, at 97.) Moreover, although the State’s laws are detailed, the State Legislature has not expressed a desire to take a centralized or comprehensive approach to regulation of the funeral home industry, nor can such a desire be inferred from the State’s regulatory scheme. Thus, the State laws at issue here are not comparable to those which have been found by the courts to have preemptive effect (see, e.g., Robin v Incorporated Vil. of Hempstead, 30 NY2d 347, 350 [1972] [holding that the defendant village could not regulate abortions, where the Legislature reserved for the State “ ‘the central, comprehensive responsibility for the development and administration of the state’s policy with respect to hospital and related services’”]; People v De Jesus, 54 NY2d 465, 469 [1981] [invalidating a local regulation addressed to the sale of alcoholic beverages where the State’s *984 Alcoholic Beverage Control Law provided a detailed and comprehensive scheme which imposed “direct controls at the local level”]).
In fact, article 34 of the Public Health Law implicitly permits local legislation which is not inconsistent with State law. Specifically, Public Health Law § 3404 provides: “The provisions of this article shall supersede any inconsistent provisions of any general, special, or local law.” (Emphasis added.) In a 1983 opinion in which New York State Attorney General Robert Abrams concluded that 1981 amendments to defendant City’s Rules regulating the funeral home industry were not preempted by article 34 of the Public Health Law, he stated: “In superseding only inconsistent local laws, the State has preserved a municipality’s authority to enact within the scope of its home rule power, consistent local legislation. The preservation of such local law power is incompatible with the notion that the State has intended to preempt the entire field of funeral directing through the adoption of Article 34 of the Public Health Law.” (1983 Opns Atty Gen 26, 28.)
Plaintiffs alternatively assert that Amended Rules 5-162, 5-164, and 5-165 should be invalidated as inconsistent with State regulations because they prohibit that which is permissible under State law (see, e.g., Wholesale Laundry Bd. of Trade v City of New York, 12 NY2d 998 [1963], affg 17 AD2d 327 [1st Dept 1962] [holding that local legislation governing the minimum wage was inconsistent with State law because it forbade the hiring of local workers at a wage allowed by State law]). A finding that a local law is inconsistent with State law will result in the invalidation of. the local law, even where the State has not preempted the field of regulation (Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 107 [1983]). However, the broad definition of inconsistency urged by plaintiffs “applies only where the Legislature has shown its intent to preempt the field [citation omitted]” (Vatore v Commissioner of Consumer Affairs of City of N. Y., 83 NY2d 645, 651 [1994]), or where “the State specifically permits the conduct prohibited at the local level [citations omitted]” (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d, supra, at 100).
As indicated above, the State has not preempted the field of funeral home regulation. Moreover, a comparison of the Amended Rules with State laws governing the funeral home industry reveals that the State does not specifically permit any conduct proscribed by the Amended Rules, nor are the two sets of laws otherwise inconsistent. Amended Rule 5-162, Public *985 Health Law § 3440-a, and 10 NYCRR 79.4 all provide requirements for the presentation of funeral prices. Public Health Law § 3440-a provides that, “at the time funeral arrangements are made,” licensed funeral directors and funeral firms are required to furnish “a written statement showing thereon the price of the funeral, which shall include an itemized list of the services and merchandise to be furnished for such price.” Further, 10 NYCRR 79.4 requires that “[a] funeral firm shall present a printed or typewritten price list for retention to the individuals who inquire in person about funeral arrangements or the prices and availability of funeral services and merchandise offered.” Amended Rule 5-162 merely goes beyond the State law by requiring that price lists be displayed. The additional protection provided to consumers under defendant DCA’s Amended Rule 5-162 is not inconsistent with State law (see, People v Lewis, 295 NY 42, 51 [1945] [a local law may supplement State law with additional reasonable requirements]; cf., Association of Personnel Consultants v Green, 153 Misc 2d 156 [Sup Ct, NY County 1992] [holding that a local law requiring “employer fee paid employment agencies” to provide identifying information in advertisements was inconsistent with State law which expressly exempted this type of agency from such a requirement]).
Likewise, Amended Rule 5-164[1] is not inconsistent with 10 NYCRR 79.1. It simply imposes additional requirements on providers of funeral services when giving price information over the telephone.
Amended Rule 5-165 requires providers of funeral services to display the names of each licensed funeral director-owner and ownership entity with a 10% or greater ownership interest on a sign located either immediately outside or inside the main entrance to the premises. The Amended Rule also requires that the name, address, and telephone number of such an entity be listed on “all advertising material used by such funeral services establishment and on the ‘General Price List.’ ” The State does not have similar disclosure laws for owners of funeral establishments.
Plaintiffs assert, however, that Amended Rule 5-165 conflicts with State law and regulations prohibiting unlicensed and unregistered funeral firms and directors from displaying their names upon or in the funeral establishment or in advertising. *986 Specifically, plaintiffs argue that the requirement that ownership information be displayed at funeral establishments is contrary to Public Health Law § 3443 (1) (a) which prohibits “[t]he name of any living person who has not been duly licensed and is not duly registered” from being “shown or displayed upon or in any funeral establishment.” Plaintiffs further assert that Amended Rule 5-165 is inconsistent with 10 NYCRR 77.5 (c) (4), which provides: “[w] her ever the name of the funeral firm appears on a sign indicating the location or presence of an establishment, only the funeral firm name registered with the department [of health] shall be used.” Moreover, plaintiffs assert that the requirement that business entities with at least a 10% ownership interest in a funeral firm be listed in advertisements is contrary to 10 NYCRR 77.5 (c) (5), which states: “Only true funeral firm names and addresses, as registered with the department [of health], shall appear * * * in advertising by any media whatsoever of funeral firms.”
Contrary to plaintiffs’ position, Amended Rule 5-165 does not conflict with or undermine State law and regulations designed to prevent unlicensed and unregistered funeral establishments and individuals from giving the impression that they are licensed or registered, and/or doing business as such (see, Matter of Miller v Axelrod, 147 AD2d 969, 970 [4th Dept 1989] [holding that 10 NYCRR 77.5 (c) (5) is intended “to prevent advertising and the performance of services by unlicensed firms or individuals”]; 1941 Opns Atty Gen 311 [then Public Health Law § 298 (a predecessor statute to Public Health Law § 3443) was intended to prevent unlicensed persons from creating the impression that they are licensed]).
Instead, Amended Rule 5-165 supplements the State’s regulation in this area by providing the consumer with further identifying information. Thus, for example, when Amended Rule 5-165 goes into effect, a funeral establishment in New York City will still be required under the State’s regulation to use only their “true funeral firm names and addresses” in advertisements, pursuant to 10 NYCRR 77.5 (c) (5). However, to the extent business entities own at least a 10% interest in such establishments, the names, addresses and telephone numbers of these owners will also have to be included. Likewise, signs at funeral establishments will include ownership information not required under the State regulation. Furthermore, 10 NYCRR 77.5 (c) (4) is not intended to prohibit additional local regulation, as it provides: “Signs shall conform with all local laws, ordinances and regulations.” Finally, *987 Amended Rule 5-165 does not conflict with Public Health Law § 3443, which prohibits the display of the names of unlicensed individuals. With respect to individuals, the Amended Rule requires only the display of “[t]he name of every licensed funeral director who holds at least ten percent ownership interest” (emphasis added). Accordingly, the Amended Rules are not inconsistent with or preempted by State law.
Plaintiffs also argue that Amended Rules 5-162, 5-165, and 5-166 are invalid because they were adopted by defendant Commissioner without statutory authority. With respect to Amended Rules 5-165 and 5-166, which respectively require disclosure of ownership information and a separate contract for the sale of monuments, plaintiffs argue that there is no enabling legislation which permits defendant Commissioner to regulate these areas. This argument, however, ignores the broad powers afforded to defendant DCA under both New York City Charter § 2203 and the Administrative Code. New York City Charter provisions give defendant Commissioner the power to “enforce all laws relating to * * * the sale of all commodities, goods, wares and services” and “to promulgate, amend and modify rules and regulations necessary to carry out the powers and duties of [defendant DCA].” (NY City Charter § 2203 [d], [e].) Administrative Code title 20, chapter 5, subchapter 7 is entitled “Information With Respect to Funeral Costs.” Under Administrative Code § 20-737, defendant Commissioner is broadly mandated to “promulgate rules and regulations reasonably necessary to effectuate the purposes of [subchapter 7].”
Subchapter 7 of title 20, chapter 5 of the Administrative Code includes various sections designed to protect consumers from excessive funeral costs by prohibiting certain practices, and providing for the disclosure of pricing and related information. For example, Administrative Code § 20-731 requires the prominent display of the retail price of a casket, and Administrative Code § 20-735 makes it illegal, whether directly or indirectly, to bar or limit “the disclosure of accurate price information in any manner regarding funeral merchandise or services by any provider of funeral services.” (Administrative Code § 20-735 [c].) Although subchapter 7 of title 20, chapter 5 of the Administrative Code does not directly refer to the sale of monuments, defendant Commissioner’s authority to regulate this area, which relates to the disclosure of pricing information to consumers when purchasing funeral goods and services, can be implied from the Commissioner’s broad mandate (see, Mat *988 ter of City of New York v State of N. Y. Commn. on Cable Tel., 47 NY2d 89, 92 [1979] [“(a)n administrative agency * * * is clothed with those powers expressly conferred by its authorizing statute, as well as those required by necessary implication”]).
Plaintiffs also assert that Amended Rule 5-162, which requires the public display of pricing information, exceeds defendant Commissioner’s authority because it conflicts with Administrative Code § 20-732. Unlike the Amended Rule, Administrative Code § 20-732 only requires a funeral home to display pricing information prominently at the funeral home premises and provide such information to consumers upon request.[2] Just because Amended Rule 5-162 provides an additional layer of protection to. consumers, this does not mean that the Amended Rule is contrary to the Administrative Code provision or that it was enacted outside the scope of defendant Commissioner’s authority.
Plaintiffs next argue that Amended Rules 5-162 (requiring the display of price lists) and 5-165 (providing for disclosure of ownership information) are invalid because they are not rationally related to any legitimate government purpose. This argument is without merit.
Courts have a very limited review role as to administrative agency rule making (United Car & Limousine Found. v New York City Taxi & Limousine Commn., 178 Misc 2d 734, 737 [Sup Ct, NY County 1998]). Judicial review is confined to determining whether rules have a rational basis, and are not arbitrary, capricious, or unreasonable (Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health, 85 NY2d 326, 331 [1995]). A party challenging administrative regulations has a heavy burden to show that they are unreasonable (Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health, supra, at 331-332).
The Amended Rules are rationally related to defendants’ legitimate goal of protecting consumers. Specifically, these Amended Rules were enacted to provide consumers with complete and easy access to pricing information regarding fu *989 neral costs and ownership information as to funeral homes, after an investigation by defendant DCA revealed that such costs were significantly rising, and that the consolidation of funeral firms has made it difficult for consumers to comparison shop fruitfully. Furthermore, even if some consumers do not want their relatives to see price lists of funeral costs, that does not mean that defendants did not have a legitimate government purpose in enacting these amendments to the Rules. Defendants have shown that the Amended Rule as to monuments has a rational basis in that having a separate contract for such part of the process of dealing with the death of a person allows consumers to evaluate their needs in that regard when they are less emotionally involved, as compared to a funeral home’s making the purchase of a monument part of the more immediate needs of the funeral and burial processes. Plaintiff Martino’s subjective belief that these Amended Rules are unnecessary is certainly not enough to show that they are “so lacking in reason for [their] promulgation that [they are] essentially arbitrary. [Citations omitted.]” (Matter of Marburg v Cole, 286 NY 202, 212 [1941].)
As to the contention by plaintiffs that the term “advertising material” in Amended Rule 5-165 (b) is unconstitutionally vague, it is not. Regarding whether statutory or regulatory terminology is unconstitutionally vague, “[d]ue process requires only a reasonable degree of certainty so that individuals of ordinary intelligence are not forced to guess at the meaning of statutory terms [citations omitted].” (Foss v City of Rochester, 65 NY2d 247, 253 [1985].) Plaintiffs certainly can easily enough interpret the term advertising material themselves in order to determine what material they use for advertising purposes. In any event, plaintiffs MFDA, Sommese, and Simonson Funeral Home, Inc. have petitioned defendant DCA for a declaratory ruling, pursuant to New York City Charter § 1047, clarifying the meaning of the term.
Plaintiffs have not demonstrated that the equities balance in their favor. In fact, plaintiffs did not even address that requirement to obtain a preliminary injunction.
Finally, CPLR 6001 mandates that a plaintiff seeking a provisional remedy must state whether any other such remedy has been secured or sought in the same action against the same defendant(s). This provision is different from the broader one of CPLR 2217 (b) which requires that an affidavit in support of an order to show cause state the result of any prior motion which sought similar relief (see, Markoff v South Nassau *990 Community Hosp., 91 AD2d 1064, 1065 [2d Dept 1983]). The information in the statement required by CPLR 6001 enables a court to determine whether it should exercise its discretion to require a plaintiff to elect between any provisional rememdy(ies) previously obtained and that or those now sought (see, CPLR 6001; Sansol Indus. v 345 E. 56th St. Owners, 159 Misc 2d 822, 827 [Sup Ct, NY County 1993]). Plaintiffs did not make the complete statement required by CPLR 6001.
Thus, plaintiffs have not shown that they are entitled to the preliminary injunction sought. Therefore, the motion must be denied.

. The substance of Amended Rule 5-164 has been in effect since 1982, and the recent amendment merely renumbered the Rule and made some limited semantic and grammatical changes to the Rule.

. Administrative Code § 20-732 provides, in part: “Any provider of funeral services shall prominently display on the funeral services establishment premises and make readily available to any customer or prospective customer a printed presentation sheet. The presentation sheet shall contain an itemized list of all funeral merchandise and services available at the establishment, a statement that the prices therefor are available upon request * * *.”