In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), entered March 21, 2002, as, upon granting that branch of their motion which was for a preliminary injunction, directed the conveyance of title to two parcels of real property to a certain partnership pursuant to a form of deed that contained a provision that the conveyances were “subject to and assuming” two certain mortgages.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiffs, partners with the defendant Andrew Naclerio, filed notices of pendency against two parcels of real property, one held in the name of Naclerio and the other held in the name of his wife, also a defendant, thereby preventing further *572 transfers of title or additional encumbrances being voluntarily-placed on the parcels. This represented an election of provisional remedies and the plaintiffs furnished no reason why the court, in the exercise of its discretion, should have relieved them of this election (see CPLR 6001; Metropolitan Funeral Directors Assn. v City of New York, 182 Misc 2d 977, 989-990 [1999]; Sansol Indus, v 345 E. 56th St. Owners, 159 Misc 2d 822, 827 [1993]). Thus, the plaintiffs received more relief than they were entitled to from the Supreme Court when their motion for a preliminary injunction was granted. The Supreme Court directed conveyances of title to the real property into the name of the partnership pursuant to a form of deed that contained a provision that the conveyances were “subject to and assuming” two certain mortgages. To delete the provision subjecting these transfers to the existing mortgages as the plaintiffs seek on this appeal would be inequitable. In these peculiar circumstances, we will not interfere with this aspect of the Supreme Court’s exercise of discretion (see Moody v Filipowski, 146 AD2d 675, 678 [1989]). Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.